UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SCOTT ANDERSON                                                                                              PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:08cv288 DPJ-JCS

OFFICE DEPOT, INC.                                                                                        DEFENDANT

ORDER

      This suit presents a claim of race discrimination under Title VII filed by a white employee

who was fired for using what his employer believed was a racial slur.  The employer, Defendant

Office Depot, Inc., has moved for summary judgment [30].  The Court, having fully considered

the parties' memoranda and relevant authorities, finds that Defendant's motion is due to be

granted.  Plaintiff's motion to amend  [38] would be futile and is therefore denied.

I.      Facts and Procedural History

      Beginning in March 2007, Plaintiff served as the manager for safety and loss prevention

at Defendant Office Depot's Jackson, Mississippi, cross-dock facility.  In September 2007,

Plaintiff suspected that cross-dock employees were responsible for the theft of several company-

owned cameras and decided to search employee lockers.  Although employees are required to use

locks issued by Office Depot, several employees used their own locks which Plaintiff elected to

cut to gain access to the lockers.

      The following morning, Michael Anderson, an African-American employee, confronted

Plaintiff about destroying his lock.  Michael Anderson demanded compensation, so Plaintiff told

him to request reimbursement from his supervisor.  When that suggestion was rejected, Plaintiff

responded, "Tell you what, player, here's $20.  Go buy a lock and keep the change."[1]

News of the encounter quickly traveled up the chain of command.  Michael Anderson

immediately reported the incident and Plaintiff's comment to Sharon Robinson, the on-site

human resources manager.  Robinson contacted Richard York, regional human resources

manager for Office Depot, who conducted an investigation and determined that Plaintiff's use of

the term "player" was offensive and racially derogatory.[2]  York therefore recommended to Les

Brooks, the regional manager for loss prevention, that Office Depot terminate Plaintiff's

employment; Brooks followed the recommendation.

After seeking unemployment benefits and exhausting his administrative remedies,

Plaintiff filed the current action in the Circuit Court of Rankin County, Mississippi, on April 7,

2008, contending that Office Depot discharged him on account of his race in violation of Title

VII of the Civil Rights Act of 1964.  Office Depot timely removed the action to this Court and

eventually filed the present motion for summary judgment.  Defendant contends in its motion

that Plaintiff cannot establish a prima facie case of discrimination under the burden-shifting

framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Plaintiff

conceded this point in response, but claims that Les Brooks' testimony before the Mississippi

---

[1] The quoted phrase is taken from Plaintiff's Affidavit submitted with his Response.
There are minor disputes, however, about the actual phrasing, and the record includes references
to "playa" and "player."

[2] York also expressed a number of other concerns regarding the way Plaintiff handled the
theft investigation.

Department of Employment Security (MDES) provides direct evidence of racial discrimination, precluding the need for analysis under *McDonnell Douglas*.

## II.    Analysis

### A.    Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim."  *Fuentes v. Postmaster Gen. of USPS*, No. 07-10426, 2008 WL 64673, at *3 (5th Cir. Jan. 7, 2008) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  While this case presents a few factual issues for which the parties present slightly different versions, none of those issues are material.

B.    Plaintiff's Discrimination Claim

At the heart of Plaintiff's case is the following testimony given by Brooks during the

MDES hearing:

> We have interviewed several people and basically the information that has been
> provided to us, as well as Sharon will communicate to you as how Michael took
> it, for partial – a black person to a black person, "player" implies a couple of
> things.  One is street savvy, in illegal type of activities, or it can refer to uh,
> someone who is a womanizer.  From a white person to a black person, which was
> the situation here, I'm told by several black colleagues that I've spoken to, that it
> is right up there with calling a person "boy," or using the "N" word.  Based on
> that information we just don't tolerate that activity within our organization.

Ex. 2 to Plaintiff's Response.  Plaintiff maintains that Brooks' testimony constitutes direct

evidence of discrimination under Title VII.  Whether it does is the sole focus of this opinion.

Title VII prohibits an employer from discharging or discriminating against any person on

account of that person's race.  42 U.S.C. § 20003-2(a)(1).  A plaintiff may prove discrimination

through either direct or circumstantial evidence.  *Russell v. McKinney Hosp. Venture*, 235 F.3d

219, 222 (5th Cir. 2000).  Plaintiff relies exclusively on the direct evidence method of proof.

"Direct evidence is evidence which, if believed, proves the fact without inference or

presumption."  *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citation

omitted).  In the Fifth Circuit, "to qualify as direct evidence of discrimination, an employer's

comment 'must be direct and unambiguous.'"  *Read v. BT Alex Brown Inc.*, 72 F. App'x 112,

119 (5th Cir. 2003) (citation omitted).  Direct evidence of discrimination includes "statements or

documents which show on its face that an improper criterion served as a basis . . . for the adverse

employment action."  *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003)

(citation omitted).  If the plaintiff provides direct evidence of discrimination, the burden shifts to

the employer to "prove by a preponderance of the evidence that the same decision would have been made regardless of the discriminatory animus." *Jones*, 427 F.3d at 992.

According to Plaintiff, Brooks' testimony demonstrates that the "decision was based on the racial stereotype that white people referring to a black person as a 'player' intend the word to be a racial slur whereas a black person using the word intends it to have a race-neutral meaning of a womanizer or drug dealer." Plaintiff's Response at 5. Plaintiff's argument proves that the statement is not free from inferences. Brooks never mentioned intent, and an equally if not more reasonable interpretation of the statement is that regardless of the speaker's intent, the word is offensive, it actually offended, and Office Depot does not tolerate offensive comments. Because Plaintiff's theory is founded on an inference, the statement cannot constitute direct evidence of discrimination. *Jones*, 427 F.3d at 992.

Moreover, proving race-based discrimination through Brooks' statement requires additional inferences. For example, Office Depot suggests that the statement does not directly prove that racial animus motivated the employment decision, because such a finding would require the inference that Defendant would not terminate an African-American employee under substantially similar circumstances. The Court agrees. Looking at the statement, Brooks said the term is derogatory when used by African-Americans, and even more so when used by whites. He then concluded that "we just don't tolerate *that* activity" (emphasis added). It is not clear whether "that activity" is limited to statements by whites. In other words, an inference is required to come to the conclusion that Office Depot would fail to terminate an African-

American employee who offends a co-worker by uttering this or other offensive words.[3] As

stated above, direct evidence must be direct and free from ambiguity. *See Sandstad v. CB*

*Richard Ellis, Inc.*, 309 F.3d 893, 898 (5th Cir. 2002) (holding that "[t]he ambiguity of the

remark [*inter alia*]. . . excludes it from the realm of direct evidence"). Brooks' statement was

neither direct nor unambiguous. *See Read*, 72 F. App'x at 119.[4]

Finally, the Court must also reject the interrelated arguments that the word "player" is not

offensive and that Plaintiff did not intend to offend. While the parties presented evidence

demonstrating that the word caries multiple meanings, there is no need to attempt a precise

definition in the undisputed factual context of this case, because the employer's conclusion that it

was offensive, even if faulty, does not demonstrate that Plaintiff was fired due to his race. *Cf.*

*Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003) (citing familiar rule in circumstantial

evidence cases that honest belief in a non-discriminatory reason for discharge, even if incorrect,

---

[3]There is unrebutted record evidence that Office Depot in fact terminated African-American employees for using both racial slurs and other non-racial but offensive language and that it considered the need for consistency when addressing Plaintiff's case.

[4]The Court's inquiry ends with the holding that Brooks' statement is ambiguous and requires inferences. However, at least one court within this circuit has examined whether statements by a member of one class might take on different meanings and whether the employer may legitimately consider those differences. In *Martin v. El Nell, Inc.*, a white plaintiff was terminated for referring to a movie as a "movie with black people in it" while speaking with two African-Americans. No. 3:03-CV-2209-D, 2005 WL 2148651, at *1 (N.D. Tex. Sept. 7, 2005). Although the employer admittedly considered the plaintiff's race in making its decision, the court determined that such a manner of "assessing whether a statement is offensive is not itself a discriminatory act based on the speaker's race." *Id.* at *4. The court concluded that the employer "did not discharge [the plaintiff] because of her race; it did so because it determined that she had made a racially insensitive and offensive remark, in violation of its policies." *Id.* The holding is at least consistent with the notion that the context of speech matters. *See Ash v. Tyson Foods, Inc.*, 546 U.S. 434, 456 (2006) (noting that the term "boy" may have racial or race-neutral connotations depending on the context with which it is used).

is not discrimination); *Smith v. St. Regis Corp*., 850 F. Supp. 1296, 1318 (S.D. Miss. 1994), *aff'd*, 48 F.3d 531 (5th Cir. 1995) (same).  Similarly, under Rule 56 the Court accepts Plaintiff's claim that he had no intent to offend, but that fact is of no legal consequence.  "Although an employee may disagree with an employer's decisions the Court is not in the position to 'second guess' those decisions without evidence that an individual's race was a determining factor in the end result."  *Woodson v. Miss. Space Servs./Computer Sci.Corp*., No. 1:05cv426WJG-JMR, 2007 WL 2012809, *4  (S.D. Miss. July 6, 2007) (citing *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988)).

        C.       Plaintiff's Motion to Amend

Plaintiff has moved to amend his complaint seeking leave to add a claim under 42 U.S.C. § 1981.  However, "the same analyses apply to claims under section 1981 as under Title VII." *Smith v. Western Elec. Co., Inc*., 770 F.2d 520, 521 (5th Cir. 1985) (citation omitted).  Dismissal of Plaintiff's Title VII claim therefore renders his motion to amend futile.  *Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008) (affirming district court's denial of futile motion to amend complaint).  The motion is denied.

**III.    Conclusion**

Although it would be tempting to delve into the larger social dialogue over who is permitted to say what without offense, the present motion never reaches that sensitive issue. Instead, the sole question presented is whether Brooks' statement constitutes direct evidence that racial animus motivated the decision to terminate Plaintiff's employment.  The statement itself is open to more than one interpretation and is not free from inference.  This is not, therefore, one of those rare cases of direct evidence, and because Plaintiff admittedly fails to demonstrate a prima

facie case based on circumstantial evidence, his Title VII claim must be dismissed. Defendant's

motion for summary judgment is granted; Plaintiff's motion to amend is denied. A separate

judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.[5]

       **SO ORDERED AND ADJUDGED** this the 24th day of April, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

    [5]Defendant raises additional valid arguments in support of its motion, but the Court sees no need to address each issue as those reflected herein are sufficient to support summary judgment.